**RITTER FINANCE CO., Inc., Plaintiff,**

**v.**

**Richard BLAIR and Anne Blair, his wife, Defendants.**

· Superior Court of Delaware.

New Castle.

Oct. 9, 1969.

Louis Goldstein, Wilmington, for plaintiff.

Frederick Knecht, Jr., Wilmington, for defendants.

QUILLEN, Judge.

On February 27, 1969, the plaintiff brought suit in a Justice of the Peace court against the defendants. The Court sent the plaintiff a receipt which showed a hearing date for March 19, 1969. Summons were issued for a hearing on March 19, 1969. The plaintiff was sent a copy of the summons.

On March 19, 1969, the husband defendant appeared for the hearing. The wife defendant did not appear and the plaintiff did not appear. The husband defendant requested dismissal of the case. After waiting a reasonable length of time, the Justice of the Peace dismissed the case with the following order:

"and now to-wit: The 19th day of March 19, 1969 Plaintiff failed to appear after being notified to present his case. Pursuant to Rule 15 Section 2B of the Justice of the Peace rules the defendant moved for dismissal of the action. And now to-wit: this Case is dismissed and costs of $11.00 assessed to the plaintiff."

The Justice of the Peace on the same date, March 19, 1969, addressed a letter to the plaintiff and to the defendant husband advising them that the case had been dismissed pursuant to "Rule 15 Section 2B" and that an appeal could be taken within 15 days. On March 21, 1969, the plaintiff wrote to the Justice of the Peace the following three paragraph letter.

"We are quite surprised to receive notice of a dismissed case. We were not notified to appear on March 19th.

All of the accounts that are forwarded are forwarded on the same basis, and we have never been required to appear before. We sue on the open account, which is the balance due on a cash loan secured by a promissory or a judgment note. Upon request, we send notarized, itemized statements of the account, and/or the original note.

Did the defendant appear? If they do not appear, we should have had a default judgment. Please advise. Consider this an appeal from the decision. It would appear that judgment can be given the plaintiff by one of the justices of peace."

On March 24th, the Justice replied noting that plaintiffs are required to appear and that an appeal could be taken by filing the proper papers. No appeal was taken.

Subsequently, on June 18, 1969, the plaintiff, having retained counsel, who had no knowledge of the proceedings before the Justice of the Peace, entered a judgment note in the Superior Court which admittedly evidenced and secured the same debt. The defendants applied to have that judgment stricken because of the res judicata effect of the proceedings before the Justice of the Peace. A rule to show cause issued and a hearing was held in this Court on October 3, 1969.

It is apparent from the docket of the Justice of the Peace that it was his intention to dismiss the case on the application of the defendant husband pursuant to Rule 15(b) of the Justice of the Peace rules. Notwithstanding the fact that the order of dismissal refers to the motion of the "defendant", in the singular, it is apparent from the face of the order that the entire case was dismissed. Moreover, even though the dismissal order cited "Rule 15 Section 2B", it is apparent from the face of the order that the dismissal was intended under Rule 15(b), the rule providing for involuntary dismissal on the motion of a defendant. Thus, the dismissal of March 19, 1969, was an involuntary dismissal which, under the Rule 15(b), in the absence of an order specifying otherwise,

operated as an adjudication upon the merits.

The Justice of the Peace rules have been adopted by the State Supreme Court and have the vitality of other Court rules. Involuntary dismissals for failure to prosecute, pursuant to rules making such dismissals adjudications on the merits, generally have res judicata effect and thus constitute a successful defense. 5 Moore's Federal Practice Par. 41.11[2], p. 1126–1127; Holcomb v. Holcomb, 93 U.S.App. D.C. 242, 209 F.2d 794 (1954). A successful defense on the merits in an action either on the principal debt or the collateral will bar an action on the other. 50 C.J.S. Judgments § 680, p. 125.

The plaintiff's difficulties in this case arise from its own elections. It elected to proceed in the Justice of the Peace court; it elected not to appeal the judgment although it was promptly advised of the appellate rights; it elected not to seek post-judgment relief before the Justice of the Peace as provided under the Justice of the Peace rules. Some of the contentions now raised could properly have been made by direct attacks in the original action.

Frequently, criticism is leveled at the Justice of the Peace system. Independent of the legal niceties of this case, which are similar to those which can ensnarl the legal system at any level, it should be noted that the Justice of the Peace in this case acted throughout these proceedings with dignity, courtesy, dispatch, conscientiousness, fairness and a full awareness of his vital role in our judicial system. We all too frequently forget the numerous occasions when this is the case.

The rule is made absolute and the petition of the defendants to set aside the judgment is granted. It is so ordered. The Prothonotary is to make an appropriate notation indicating that the judgment by confession is set aside and the case dismissed. It is so ordered.